## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

GABRIELLE DRAYTON,

    Plaintiff,

v.

LVNV FUNDING, LLC, a Delaware limited liability company,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Gabrielle Drayton is a natural person.

8. The Plaintiff resides in the City of Fountain, County of El Paso, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant LVNV Funding, LLC is a Delaware limited liability company operating from an address at 625 Pilot Road, Suite 2, Las Vegas, Nevada, 89119.

12. The Defendant's registered agent in the state of Colorado is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2013 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal account owed to Springleaf Financial Services (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Springleaf Financial Services.

21. After the Account went into default with it was placed or otherwise transferred to the Defendant for collection.

22. The Defendant alleges that it purchased the Account after it went into default with Springleaf Financial Services.

23. The Plaintiff disputes the Account.

24. The Plaintiff requests that the Defendant cease all further communication on the Account.

25. The Defendant's collector(s) were employee(s) and/or agent(s) of the Defendant at all times mentioned herein.

26. The Defendant acted at all times mentioned herein through its employee(s) and/or agent(s) including Dynia and Associates, LLC.

27. In 2012 and/or 2013 the Defendant placed the Account with Dynia and Associates, LLC for collection from the Plaintiff.

28. In the year prior to the filing of the instant action the Plaintiff and the Defendant via its agent(s), including Dynia and Associates, LLC, had telephone conversation(s) regarding the Account.

29. The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

30. The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

31. The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

32. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant, including Dynia and Associates, LLC, had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33. During the telephone conversation(s) between the Plaintiff and the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant regarding the Account the Defendant while attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit bureau reports and that the Account will stay on the credit bureau reports until it is paid.

34. The Defendant's representations stated in paragraph 33 were false and were false representations in connection with the collection of a debt, the Account.

35. In September 2013 the Plaintiff had telephone conversation(s) regarding the Account with the Defendant via its agent, Dynia and Associates, LLC.

36. During the telephone conversation(s) in September 2013 between the Plaintiff and the Defendant via its agent, Dynia and Associates, LLC, regarding the Account the Plaintiff disputed the Account.

37. During the telephone conversation in September 2013 between the Plaintiff and the Defendant via its agent, Dynia and Associates, LLC, regarding the Account the Plaintiff disputed the Account with the Defendant via its agent, Dynia and Associates, LLC.

38. During the telephone conversation in September 2013 between the Plaintiff and the Defendant via its agent, Dynia and Associates, LLC, regarding the Account

the Plaintiff notified the Defendant via its agent, Dynia and Associates, LLC that the Account is disputed.

39. During the telephone conversation in September 2013 between the Plaintiff and the Defendant via its agent, Dynia and Associates, LLC, regarding the Account the Plaintiff informed the Defendant via its agent, Dynia and Associates, LLC that the Account is disputed.

40. The Plaintiff disputed the Account with the Defendant via its agent, Dynia and Associates, LLC, in September 2013.

41. Prior to October 2013 the Defendant's agent, Dynia and Associates, LLC notified the Defendant that the Account was disputed.

42. The Defendant was aware that the Account was disputed in September 2013.

43. Prior to October 2013 the Defendant was aware that the Account was disputed.

44. Prior to October 2013 the Defendant was informed that the Account was disputed.

45. Prior to October 2013 the Defendant was aware that in September 2013 the Plaintiff disputed the Account.

46. After September 2013 the Defendant communicated information regarding the Account to Experian, Equifax and/or Transunion, credit reporting agencies.

47. After September 2013 the Defendant communicated to Experian, Equifax and/or Transunion the balance on the Account.

48. After September 2013 the Defendant communicated to Experian, Equifax and/or Transunion that the Original Creditor on the Account was: AMERICAN GENERAL AGFS - AMERIC.

49. After September 2013 when the Defendant communicated information regarding the Account, including the account balance and original creditor name, to Experian, Equifax and/or Transunion the Defendant failed to communicate to Experian, Equifax and/or Transunion that the Account was disputed.

50. After September 2013 when the Defendant communicated information regarding the Account, including the account balance and original creditor name, to Experian, Equifax and/or Transunion the Defendant did not communicate to Experian, Equifax and/or Transunion that the Account was disputed.

51. The information communicated to Experian, Equifax and/or Transunion by the Defendant after September 2013 on the Account conveyed information regarding the Account directly or indirectly to Experian, Equifax and/or Transunion.

52. The information communicated regarding the Account by the Defendant to Experian, Equifax and/or Transunion after September 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

53. The reason that the Defendant communicated the information regarding the Account after September 2013 to Experian, Equifax and/or Transunion was to attempt to collect the Account.

54. Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian, Equifax and/or Transunion.

55. Upon information and belief in 2013 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian, Equifax and/or Transunion.

56. Upon information and belief in 2013 the Defendant reported information to Experian, Equifax and/or Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

57. Upon information and belief the Defendant via its agent, Dynia and Associates, LLC, kept written documentation and / or computer record(s) that document telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

58. Upon information and belief the Defendant via its agent, Dynia and Associates, LLC, made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

59. Upon information and belief the Defendant via its agent, Dynia and Associates, LLC, made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

60. Upon information and belief the Defendant via its agent, Dynia and Associates, LLC, has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

61. Upon information and belief the Defendant via its agent, Dynia and Associates, LLC, has a copy or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

62. Upon information and belief in the time between when it received this Complaint and Jury Demand and when a Answer to this Complaint and Jury Demand was filed on its behalf with the Court the Defendant via its agent, Dynia and Associates, LLC, made an inquiry and/or investigation as to whether it had any audio recording(s) of any telephone conversation(s) between the Defendant and the Plaintiff.

63. Upon information and belief the Defendant via its agent, Dynia and Associates, LLC, sent copy(s) of any audio recording(s) that it had of telephone conversation(s) between the Defendant and the Plaintiff to the attorney and/or the law firm who employs the attorney who is filing the Answer to this Complaint and Jury Demand on behalf of the Defendant.

64. Upon information and belief the Defendant's and its agent's, SIMM Associates, Inc., copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

65. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

66. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

67. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

68. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

69. The FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

70. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## RESPONDEAT SUPERIOR

71. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

72. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

73. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

74. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

75. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

76. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

77. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

78. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## **COUNT I, FDCPA VIOLATION**

79. The previous paragraphs are incorporated into this Count as if set forth in full.

80. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

81. Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.

2. Damages pursuant to 15 U.S.C. § 1692k(a).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff